lature free to tax all kinds of property. But until the legislature imposes a tax, no tax can be collected, and when it imposes only a particular tax, that alone can be collected.

Now, as we have seen, the legislature has imposed a particular tax, and none other, on railroad companies, and has made that tax payable to the comptroller, and not to the county or municipal authorities. The result is, that these authorities have acquired no right to tax the property of the companies. This seems to us very obvious, and requires no further discussion.

The application is denied.

---

SAVANNAH. The (UNITED STATES v.). See Case No. 16,226a.

---

## Case No. 12,386.

The SAVANNAH PRIVATEERS.

[See Case No. 14,501.]

---

SAVANNAH STEAMSHIP CO. (NICHOLL v.). See Case No. 10,225.

---

## Case No. 12,387.

SAVARY v. GERMANIA BANK.

[7 Reporter, 615; [1] 19 Alb. Law J. 521.]

Circuit Court, S. D. New York. March 15, 1879.

TROVER AND CONVERSION — PROMISSORY NOTE—UNAUTHORIZED TRANSFER—INTENT.

The unauthorized transfer of plaintiff's property by defendant, though without wrongful intent and before demand, is still a conversion.

Motion for new trial.

WALLACE, District Judge. The motion for a new trial must be granted for the reason that under the count in the declaration for a conversion of the notes there was a question of fact for the jury. Upon the trial the plaintiff's rights were mainly discussed on other grounds; the evidence, however, was sufficient to authorize the jury to find that the defendant acquired the notes payable to the order of the plaintiff through a forged indorsement of his name without the consent of the plaintiff to the maker. Upon this theory of the facts the plaintiff was entitled to recover. The defendant is not absolved from liability because it acted in good faith. No person except the payee can assert any title to a bill or note payable to his order without his indorsement. While the unauthorized delivery of a bill or note payable to bearer vests a good title in a bona fide purchaser, an unauthorized indorsement of the payee's name, when the note or bill is payable to order, conveys no right of action. Byles, Bills, 24. When the defendant delivered over

---

[1] [Reprinted from 7 Reporter, 615, by permission.]

---

the plaintiff's notes to a person not entitled to them, assuming the right to deal with the notes in disregard of plaintiff's title, it was a conversion, although the defendant supposed the notes belonged to the maker as a voucher, and although it was acting merely as the agent of the maker in what it did. A wrongful intent is not an essential element of a conversion; it suffices that the rightful owner has been deprived of his property by some unauthorized act of another who assumed dominion or control over it; and the latter is not excused because he was acting as agent for one whom he supposed to be the true owner and derived no benefit himself from the transaction, and parted with the property before any demand for its restitution. Wright v. Hawley, affirming Dudley v. Hawley, 40 Barb. 397, 39 N. Y. 441. Motion granted.

---

## Case No. 12,388.

SAVARY v. GOE.

[3 Wash. C. C. 140.] [1]

Circuit Court, D. Pennsylvania. April Term, 1812.

DEBT—ACTION ON BOND—SPECIAL PLEA — CONDITION—TENDER—PRESENT OBLIGATION.

1. Debt on bond, conditioned to deliver to the plaintiff or his agent, in B., a quantity of whiskey, in all the month of May, 1809. Plea, that in all the month of May, 1809, the defendant was ready and willing to deliver to the plaintiff or to his agent, at the place of embarkation in B., the whiskey, according to the condition of the bond; but the plaintiff, or his agent, was not then and there ready to accept the same. The rule of law is, that if the condition of the bond is not parcel of the obligation, as if the latter be a money penalty, and the former be to do some act, as to deliver goods, &c., it is not necessary for the defendant to plead uncore prest.

2. If money is to be paid, or any other act to be done, on a certain day, and at a certain place, the legal time of performance is, the last convenient hour of the day for transacting business. But if the parties meet at any part of the day, a tender and refusal at the time of the meeting are sufficient.

[Cited in Fredenburg v. Turner, 37 Mich. 403; Smith v. Boston & M. R. R. (6 Allen) 269.]

3. The rules of pleading require, that the plea should be direct in stating with sufficient precision the matter of defence, and not leave it to be found out by inference, however strong.

4. The plea, in this case, is bad, as it does not state that the defendant was at the place of embarkation, in person or by an agent, ready and prepared to deliver the whiskey.

This was an action of debt on a bond, in the penalty of 1920 dollars, with condition, that the defendant should deliver to the plaintiff, or his agent or assigns, at the place of embarkation in Brownsville, the quantity of 1920 gallons of good merchantable proof whiskey, in good and tight barrels, in all the month of May, 1809. Upon oyer of the obli-

---

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]